## 18157

Robert B. McDONALD and Carolyn B. McDonald, Respondents, v. W. Ray BERRY, Appellant

(134 S. E. (2d) 392)

*Messrs. James W. Alford,* of Columbia, and *J. Roy Berry,* of Johnston, *for Appellant,*

*Messrs. Watson, Funderburk & Neeley,* of Columbia, *for Respondents.*

January 15, 1964.

BUSSEY, Justice.

The respondents, who are husband and wife, had born to them a son in the Columbia Hospital on September 29, 1961, and on the 2nd day of October following, executed a power of attorney and release, duly witnessed and probated, wherein they released the custody of their child to Dr. Martin B. Woodward and appointed him attorney in fact to appear for and represent them in the adoption of their apparently unwanted child. The instrument included, *inter alia,* a specific request that the identity of the persons adopting said infant be unknown to respondents and never disclosed to them.

Thereafter, appellant, a practicing attorney, brought a proceeding whereby said infant was adopted by parties whose identity is not now disclosed.

On March 2, 1962, Judge Bates of the Richland County Court issued a rule to the appellant directing him to show cause, if any he had, why appellant should not disclose the names of the adoptive parents, which rule was based solely upon an affidavit of one of the attorneys for respondents. Said affidavit, after stating that deponent had been unable to ascertain from appellant or the court records the information which he sought, alleged no facts or grounds entitling him or his clients to that information other than "that deponent believes the said petitioners have a meritorious cause of action to set aside the said adoption but are unable to bring such action without knowing the names of the adoptive parents of the said child."

The county judge, after hearing, in a rather brief order, without reciting any material facts or giving any reasons therefor, ordered the appellant to immediately disclose to counsel for the respondents not only the identity of the adoptive parents, but their addresses.

The appeal from the aforesaid order imputes error to the county judge in several particulars. The appellant filed a very comprehensive and persuasive brief but was admittedly unable to find any case directly in point and none has come to our attention. On the other hand, the respondents filed no brief so that this court is without the benefit of any legal reason suggested by either respondents or the county judge as to why respondents are entitled to the relief granted by the county judge.

We have no hesitancy, however, in here deciding that the county judge was in error on the broad principle, long recognized in this as well as most, if not all, other jurisdictions, that the welfare of the child involved is the paramount and controlling consideration in litigation affecting its custody.

Here, not even the exact nature of the cause of action which it is claimed the respondents have, let alone the grounds therefor, is set forth in the affidavit of counsel for the respondents. Certainly, the best interest of the minor child cannot be served by requiring the appellant to disclose the information sought in the absence of disclosure of facts by the respondents showing that they do have meritorious grounds for attacking the adoption decree. There are practical considerations here involved that are so elementary that statements thereof are not readily found in either textbooks or reported decisions. The courts and public agencies of this state have customarily and diligently endeavored to protect not only the identity of an adopted child, but to protect both the child and the adopting parents from any undue harassment by natural parents or other persons. Such policy is evidenced, *inter alia,* by the enactment of what is now Section 32-1129 of the 1962 Code of Laws, providing for the issuance of amended birth certificates for adopted children free of any reference to or indication of the fact that the child was adopted.

If the appellant here, on the record before us, were required to disclose the information, it could well prove that the respondents do not actually have any meritorious grounds for attacking the adoption decree and the information might well be used not for the purpose of bringing any type of action or proceeding, but only for the purpose of interfering with and harassing both the child and the adoptive parents. The obvious problems, emotional and otherwise, which would likely result from such interference to the detriment of the child, and efforts of the adoptive parents to properly rear the same, are too basic and numerous to here require any elucidation or enumeration. Should the court, without any showing of good cause, order the invasion of the privacy of the adopted child and adoptive parents, which judicial conduct could well have a most damaging effect in making prospective adoptive parents reluctant to proceed with adoptions. Hundreds of married couples every year adopt unwanted

children and give them the finest homes, rearing and education, and these adoptive parents, as well as the adopted children, are entitled to the cooperation of the court in the fine work being accomplished, and they are certainly entitled to the protection of their ·privacy in the absence of good cause for invading the same being fully and clearly shown.

The appellant, among other things, contends that the information here was privileged, arising out of the confidential relationship of attorney and client, and that for that reason the court should not have required him to divulge the same. The court required the appellant to disclose not only the identity of his clients, but their addresses. The general rule seems to be that, normally, the disclosure of the identity of a client is not, in and of itself, matter within the privilege but it may become so by reason of exceptional circumstances. 58 Am. Jur., Witnesses, Section 507; 97 C. J. S., Witnesses, § 283e. On the other hand, it seems that as a general rule an address given confidentially by a client to an attorney while consulting him in a professional capacity is a privileged communication and an attorney will not be compelled to disclose it when no sufficient ground is shown for the necessity therefor. 97 C. J. S., Witnesses, § 286. We are not here required to adopt or propound any specific rule as to under just what circumstances either the identity or address of a client might or might not be privileged information. On the record before us, however, no valid and sufficient reasons therefor being shown, we think the county judge was in error in requiring the appellant here, an attorney, to divulge both the names and addresses of his clients.

The judgment of the county court, for the reasons herein set forth, being clearly in error, it is reversed.

TAYLOR, C. J., and Moss, LEWIS and BRAILSFORD, JJ., concur.