20700

In the Matter of Richard Wayne STROBEL.

(244 S. E. (2d) 537)

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. A. Camden Lewis, Richard B. Kale, Jr., John L. Choate* and *George C. Beighley,* Columbia, *for complainant.*

*Ronald J. Jebaily,* Florence, *for respondent.*

May 23, 1978.

*Per Curiam:*

In this disciplinary proceeding, respondent Strobel is charged with threatening to reveal the confidences of clients in order to collect a bill. The panel and the full board recommended a private reprimand. We conclude respondent's misconduct warrants a public reprimand by this Court.

Respondent completed adoption procedures on behalf of the adoptive parents and collected $1,500.00 for fees and costs. He subsequently billed them an additional $294.50 for medical expenses of the adoptee's mother. The adoptive parents paid this bill and then received another statement for $118.00 for medical expenses of the child. Prior to paying this bill, the parents received a letter from respondent containing the following language:

"After careful discussion of this situation with the Judge, we have no alternative but to reopen the adoption. The mother is now desirous of obtaining the child if she is going

to have to pay the hospital bill. We will also have to bring suit in the name of the natural mother in Orangeburg County for the payment of the $118.00, which would distill to all interested parties the name of the natural mother, and of course, allow the natural mother to know who has her child."

An attorney has a duty to protect the confidences of clients who are adoptive parents. *McDonald v. Berry,* 243 S. C. 453, 134 S. E. (2d) 392 (1964). Respondent clearly engaged in conduct tending to pollute the administration of justice and to bring the courts or the legal profession into disrepute. It is conceded the statement concerning his "careful discussion of this situation with the Judge" was totally false. His misconduct is magnified by the great sanctity and value of the confidence he threatened to reveal as leverage to collect a mere $118.00.

Respondent is hereby publicly reprimanded for his misconduct.